# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

**Chambers of**
**STEVEN C. MANNION**
United States Magistrate Judge

Martin Luther King Jr., Federal Bldg.
& U.S. Courthouse
50 Walnut Street
Newark, NJ 07102
(973) 645-3827

August 31, 2018

### LETTER ORDER

Re: **Harris v. The Bozzuto Group, et al.**
**Civil Action No. 18-cv-10277 (MCA)(SCM)**

Dear Litigants:

This matter comes before the Court by way of Plaintiff Beverly Harris' ("Ms. Harris") June 18th, 2018, and July 30th, 2018, "motions" "to obtain a key" from Defendant Michelle Demetriou ("Ms. Demetriou") to inspect "the equipment room" in Ms. Harris' apartment building.[1] The Defendants have not yet responded to Ms. Harris' complaint and, therefore, have not yet responded to these motions either.

Under Rule 34(a)(2), "[a] party may serve on any other party a request within the scope of Rule 26(b) … to permit entry onto … property possessed or controlled by the responding party, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it."[2]

Rule 26(d)(1) limits a party's right to request inspection under Rule 34(a)(2) by providing that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule

---

[1] (ECF Docket Entry ("D.E.") 3, Pl.'s Mot.; D.E. 12, Pl.'s Pet.). The Court will refer to documents by their document entry number and page numbers assigned by the Electronic Case Filing System.

[2] Fed. R. Civ. P. 34.

26(a)(1)(B)[3], or when authorized by these rules, by stipulation, or by court order."[4] In this case, none of the exceptions listed in Rule 26(d)(1), which would allow a party to seek discovery prior to conferral, are applicable. Before a party in this case can seek discovery, therefore, the parties must first confer as is "required by Rule 26(f)."[5]

There is no indication that the parties in this case have conferred as is required under the general rule set forth in 26(f)(1). The Defendants' lack of a response to Ms. Harris' complaint demonstrates as much. Therefore, Ms. Harris does not yet have the right to request inspection of "the equipment room" in her apartment building.

For the foregoing reasons, the Court **DENIES** Ms. Harris' June 18th, 2018, and July 30th, 2018, "motions" "to obtain a key" from Ms. Demetriou to inspect "the equipment room" in Ms. Harris' apartment building (D.E. 3; D.E. 12). The Clerk of the Court shall mail a copy of this order to Ms. Harris.

**IT IS SO ORDERED**.

Honorable Steve Mannion, U.S.M.J.
United States District Court,
for the District of New Jersey
phone: 973-645-3827

8/31/2018 3:08:47 PM

Original: Clerk of the Court
Hon. Madeline Cox Arleo, U.S.D.J.
cc: All parties
  File

---

[3] Fed. R. Civ. P. 26 ("The following proceedings are exempt from initial disclosure: (i) an action for review on an administrative record; (ii) a forfeiture action in rem arising from a federal statute; (iii) a petition for habeas corpus or any other proceeding to challenge a criminal conviction or sentence; (iv) an action brought without an attorney by a person in the custody of the United States, a state, or a state subdivision; (v) an action to enforce or quash an administrative summons or subpoena; (vi) an action by the United States to recover benefit payments; (vii) an action by the United States to collect on a student loan guaranteed by the United States; (viii) a proceeding ancillary to a proceeding in another court; and (ix) an action to enforce an arbitration award.").

[4] *Id.*

[5] *Id.*