CRAIG CARPENITO
United States Attorney
BEN KURUVILLA
Assistant United States Attorney
970 Broad Street, Suite 700
Newark, NJ 07102
Tel. (973) 297-2085
Fax (973) 297-2010
Email ben.kuruvilla@usdoj.gov

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DR. BEVERLEY HARRIS, <br><br> *Plaintiff,* <br><br> v. <br><br> THOMAS S. BOZZUTO, Et Al., <br><br> *Defendants.* | HON. MADELINE COX ARLEO <br><br> *Civil Action No.* 18-10277 (MCA) (SCM) <br><br> **Motion Return Date: April 1, 2019** |

MEMORANDUM OF LAW IN SUPPORT OF FEDERAL DEFENDANTS'
MOTION TO DISMISS THE COMPLAINT

CRAIG CARPENITO
UNITED STATES ATTORNEY
*Attorney for Defendants*

BEN KURUVILLA
Assistant United States Attorney

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ...................................................................................iii

PRELIMINARY STATEMENT ............................................................................ 1

PROCEDURAL HISTORY AND STATEMENT OF FACTS ..................................... 3

    I.   Original Complaint ............................................................................ 3

    II.  First Amended Complaint.................................................................. 3

    III. Second Amended Complaint ............................................................. 5

ARGUMENT ................................................................................................... 6

    POINT I:  THE CONSTITUTIONAL CLAIMS AGAINST THE ATTORNEY
    GENERAL AND FBI DIRECTOR MUST BE DISMISSED.................................. 6

        A.   Official-Capacity *Bivens* Claims Must Be Dismissed for Lack of
            Jurisdiction ............................................................................. 6

        B.   Any Constitutional Claims Must be Dismissed for Lack of Personal
            Involvement ............................................................................. 8

    POINT II:  THIS COURT SHOULD DISMISS PLAINTIFF'S NON-
    CONSTITUTIONAL TORT CLAIMS AGAINST THE GOVERNMENT
    DEFENDANTS FOR LACK OF SUBJECT MATTER JURISDICTION............ 11

    POINT III:  PLAINTIFF'S DEFAMATION AND INVASION OF PRIVACY
    CLAIMS ALSO FAIL BECAUSE THEY FALL WITHIN THE INTENTIONAL
    TORTS EXCEPTION TO THE FTCA .................................................. 14

    POINT IV:  THIS COURT SHOULD DISMISS PLAINTIFF'S CLAIMS FOR
    FAILURE TO STATE A CLAIM OR RELIEF ...................................... 16

CONCLUSION.............................................................................................. 20

## TABLE OF AUTHORITIES

*Cases*

*Adegbuji v. United States,*
    223 F. App'x 194 (3d Cir. 2007) ............................................................... 14

*Argueta v. U.S. Immigration & Customs Enforcement,*
    643 F.3d 60 (3d Cir. 2011)....................................................................... 8

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009) ...................................................................... *passim*

*Barkes v. First Correctional Medical, Inc.,*
    766 F.3d 307 (3d Cir. 2014)....................................................................... 9

*Bell Atlantic Corp. v. Twombly,*
    550 U.S. 544 (2007) ......................................................................... 16, 17

*Beneficial Consumer Discount Co. v. Poltonowicz,*
    47 F.3d 91 (3d Cir. 1995)......................................................................... 7

*Bialowas v. U.S.,*
    443 F.2d 1047 (3d Cir. 1971)................................................................... 12

*Bistrian v. Levi,*
    696 F.3d 352 (3d Cir. 2012)............................................................... 9, 10

*Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics,*
    403 U.S. 388 (1971) ............................................................................... 7

*Borawski v. Henderson,*
    265 F. Supp. 2d 475 (D.N.J. 2003)....................................................... 15, 16

*Bradley v. United States,*
    856 F.2d 575 (3d Cir. 1988)................................................................... 12
    *vacated on other grounds,* 490 U.S. 1002 (1989) ...................................... 12

*Brazelton v. Holt,*
    462 F. App'x 143 (3d Cir. 2012) ............................................................... 8

*Brumfield v. Sanders,*
    232 F.3d 376 (3d Cir. 2000)................................................................... 15

*CNA v. United States,*
    535 F.3d 132 (3d Cir. 2008)................................................................... 12

*Dileo v. Mabus,*
   No. 14-4246, 2015 U.S. Dist. LEXIS 100482 (D.N.J. July 31, 2015)....................15

*Duran v. Merline,*
   923 F. Supp. 2d 702 (D.N.J. 2013)..........................................................................10

*Eickleberry v. Lappin,*
   No.: 09-1556, 2009 U.S. Dist. LEXIS 119040 (D.N.J. Dec. 21, 2009)....................10

*Estelle v. Gamble,*
   429 U.S. 97 (1976) ..................................................................................................17

*Fowler v. UPMC Shadyside,*
   578 F.3d 203 (3d Cir. 2009)..............................................................................16, 18

*Gary v. F.T.C.,*
   526 F. App'x 146 (3d Cir. 2013) ............................................................................14

*In re Orthopedic Bone Screw Prod. Liab. Litig.,*
   264 F.3d 344 (3d Cir. 2001)......................................................................................7

*Kost v. Kozakiewicz,*
   1 F.3d 176 (3d Cir.1993)........................................................................................16

*Lane v. Pena,*
   518 U.S. 187 (1996) ..................................................................................................7

*Livera v. First Nat'l State Bank,*
   879 F.2d 1186 (3d Cir. 1989)............................................................................12, 13

*Livingston v. Appel,*
   No. 11-2764, 2014 WL 6860539 (E.D. Pa. Dec. 5, 2014) .........................................9

*McNeil v. United States,*
   508 U.S. 106 (1993) ..........................................................................................13, 17

*Mierzwa v. United States,*
   282 F. App'x 973 (3d Cir. 2008) ..............................................................................7

*Miller v. Phila. Geriatric Ctr.,*
   463 F.3d 266 (3d Cir. 2006)....................................................................................13

*Papasan v. Allain,*
   478 U.S. 265 (1986) ................................................................................................17

*Perez-Barron v. United States,*
   480 F. App'x 688 (3d Cir. 2012) ..............................................................................8

iv

*Peterson v. Weiss,*
No. 12-5431, 2012 WL 6042795 (D.N.J. 2012) ..................................................... 17

*Priovolos v. F.B.I.,*
632 F. App'x 58 (3d Cir. 2015) ............................................................................. 12

*Rode v. Dellaciprete,*
845 F.2d 1195 (3d. Cir. 1988) ............................................................................... 10

*Roma v. United States,*
344 F.3d 352 (3d Cir. 2003) ................................................................................. 12

*Santos v. United States,*
559 F.3d 189 (3d Cir. 2009) ........................................................................... 11, 13

*Sash v. United States,*
No. 09-2074, 2010 U.S. Dist. LEXIS 37383 (D.N.J. Apr. 14, 2010) ..................... 15

*Shelton v. Bledsoe,*
775 F.3d 554 (3d Cir. 2015) .......................................................................... 13, 14

*Sykes v. Blockbuster Video,*
No. 06–1745, 2006 WL 3314518 (3d Cir. 2006) ................................................... 17

*Treasurer of New Jersey v. United States Dep't of Treasury,*
684 F.3d 382 (3d Cir. 2012) ................................................................................... 7

*Tucker v. United States,*
676 F.2d 954 (3d Cir. 1982) ................................................................................. 13

*Tucker v. Sec'y of Health and Human Servs.,*
588 Fed. Appx. 110 (3d Cir. 2014) ......................................................................... 8

*United States v. Mitchell,*
445 U.S. 535 (1980) ............................................................................................... 6

*United States v. Mitchell,*
463 U.S. 206 (1983) ............................................................................................... 6

*United States v. Sherwood,*
312 U.S. 584 (1941) ............................................................................................... 6

*United States v. Testan,*
424 U.S. 392 (1976) ............................................................................................... 7

*Velazquez v. Zickefoose,*
No. 11-2459, 2014 WL 6611058 (D.N.J. Nov. 21, 2014) ..................................... 8, 9

*Velazquez v. Zickefoose,*
   No. 11-2459, 2014 U.S. Dist. LEXIS 163737 (D.N.J. Nov. 21, 2014) .................... 10

*Wilder v. Luzinski,*
   123 F. Supp. 2d 312 (E.D. Pa. 2000) ........................................................ 13

## Statutes

28 U.S.C. § 1346(b) ................................................................................ 11

28 U.S.C. § 1915(e)(2)(B)(i) .................................................................. 19

28 U.S.C. § 2401(b) ................................................................................ 12

28 U.S.C. § 2511 .................................................................................... 11

28 U.S.C. § 2675(a) .......................................................................... 12, 13

28 U.S.C. § 2679(a) ................................................................................ 12

28 U.S.C. § 2679(b)(1) ........................................................................... 12

28 U.S.C. § 2679(d)(1) ........................................................................... 12

28 U.S.C. §§ 2680(a)-(n) ........................................................................ 14

28 U.S.C. § 2680(h) .......................................................................... 14, 16

## Rules

Fed. R. Civ. P. 8 ................................................................................ 2, 17

Fed. R. Civ. P. 12(b)(1) ..................................................................... 2, 11

Fed. R. Civ. P. 12(b)(6) ............................................................... 2, 16, 17

## Other Authorities

S. Rep. No. 1327, 89th Cong. 2d Sess. (1966) .......................................... 13
   *reprinted in* 1966 U.S.S.C.A.N. 2515, 2516 ...................................... 13

<u>PRELIMINARY STATEMENT</u>

Plaintiff Beverley Harris initially brought this suit claiming damages because her landlord allegedly installed a camera in her apartment to spy on her.  She subsequently amended her complaint to include as defendants the former United States Attorney General and the current Director of the Federal Bureau of Investigation.  According to the amended complaint, Plaintiff "strongly believes" that the FBI "encouraged" her landlord to install cameras in her apartment's air conditioning vent in order to monitor and watch her.  *See* Second Amended Complaint at ¶ 56.  She contends that the FBI did so by falsely informing her landlord that she is a "child molester, sex offender, prostitute and liar."  *Id.* at ¶ 56 & p. 10 (b), (e).  She further alleges that the FBI engaged in this behavior to cover-up evidence that it previously "illegally implanted 2 devices into her body" and in order to retaliate against her for refusing to "assist them in spying on the US Army" and because she "recently filed a Civil Rights complaint with the US House of Representative Oversight Committee."  *Id.* at p. 10(d), (f) and (g).

The Government Defendants now move to dismiss the claims against them in their entirety.  First, Plaintiff's constitutional *Bivens*-type claims should be dismissed because (1) no such claims can be alleged against the Government Defendants in their official capacity and (2) even if she could assert constitutional claims against the Governments Defendants in their official capacity, Plaintiff fails to plead any personal involvement by the Attorney General or FBI Director.[1]  Next, Plaintiff's

---

[1]     Despite the fact that the caption of the complaint and the summonses suggest that Plaintiff may be attempting to assert claims against former AG Sessions and

1

other tort claims for "invasion of privacy" and "defamation of reputation" should be dismissed for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) because Plaintiff failed to exhaust administrative remedies as required under the FTCA prior to filing suit and because the claims are barred by the intentional tort exception to the FTCA.

Finally, all of Plaintiff's claims against the Government Defendants should be dismissed for failure to state a claim. Plaintiff's claims against the Government are far-fetched, irrational and consist of nothing more than wild speculation. The Southern District of New York last year dismissed, *sua sponte*, as frivolous a similar complaint brought by Plaintiff alleging equally irrational and related claims against the FBI for allegedly implanting devices in her body. Similarly, here, the claims against the Federal Defendants do not comport with the basic pleading requirements of Fed. R. Civ. P. 8 and should therefore be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

---

Director Wray in their individual capacities, a review of the complaint reflects no allegation whatsoever of personal involvement in any part of the alleged incident by Wray or Sessions. Instead, when listing the allegations and counts against the FBI (¶ ¶ 56-57 and Count VI – Count IX), Plaintiff describes only the conduct of the "FBI" as a whole and make no individualized allegations. Moreover, the complaint does not seek specific damages, which is a hallmark of an individual-capacity *Bivens* claim. Given the absence of any individualized allegations or claim for damages, the Department of Justice does not construe the amended complaint as raising constitutional claims for damages against the Federal Defendants in their individual capacity, and has not obtained authority to represent them personally in this suit. If the Court construes the complaint as raising individual-capacity *Bivens* claims against the Federal Defendants, we respectfully seek an opportunity for AG Sessions and Director Wray to seek representation so that they may assert all appropriate defenses.

## PROCEDURAL HISTORY AND STATEMENT OF FACTS

### I.   Original Complaint

On June 6, 2018, Plaintiff filed a complaint against Defendants Thomas Bozzuto, Toby Bozzuto, David Curcio and Michelle Demetriou who allegedly own and operate the apartment building where Plaintiff resides.  *See* ECF No. 1.  Plaintiff alleged damages arising from maintenance issues in her apartment and also alleged that these defendants failed to conduct a proper inspection of her apartment prior to her move-in. *Id.* at ¶¶ 12-30.  Further, Plaintiff alleged that these defendants installed a video camera in her apartment's air conditioning vent and that the camera maintained a view of her bathroom.  *Id.* at ¶¶ 32-35.  Plaintiff alleged she complained to her building's management company about the camera and it was ultimately removed.  Id. at ¶¶ 44, 48.

### II.   First Amended Complaint

On June 18, 2018, Plaintiff amended her complaint and added then-United States Attorney General Jefferson Sessions, FBI Director Christopher Wray, and an unknown number of FBI agents as defendants ("First Amended Complaint" or "FAC").  *See* ECF No. 4-1.  In the First Amended Complaint, with respect to the newly-added Government defendants, she asserted claims for violation of privacy, tampering with a government official document, violation of first amendment rights and "abuse of power and intimidation." *Id.* at ¶ ¶ 102-106.

Specifically, in the FAC, plaintiff alleged that she believes that the FBI "tampered with her court file" based on the fact that this Court initially denied her motion to proceed *in forma pauperis* because plaintiff failed to adequately allege

indigence or an inability to prepay court fees.[2]  *Id.* at ¶ ¶ 56-61.  Plaintiff alleged that the FBI altered the monetary figures she cited in her court file, so that the Court would deny her application to proceed *in forma pauperis,* and she further alleged that the FBI had been in "full control" of her life for the previous 14 years and "knows that she would not be able to afford the $400 fee required."  *Id.* at ¶ 57-61(c).  Moreover, plaintiff alleged that she knew that the FBI was the "primary person of this diabolical scheme to install the camera(s) in her apartment, but she had no proof to hold them responsible."  *Id.* at ¶ 61(d).  She further noted her belief that various FBI agents moved next door to her apartment in order to monitor her.  *Id.* at ¶ 61(e).  She also alluded to prior instances of alleged FBI involvement in her life – including that on February 17, 2009, the FBI allegedly conspired with plaintiff's former employer and a doctor in Houston, Texas to illegally implant a tracking device in her right leg and that, on June 24, 2014, while she was residing in Germany, the FBI plotted with a "demonologist" to implant a tracking device in plaintiff's ear.  *Id.* at ¶ 62.  Finally, she claimed that the FBI's motive for this conduct was that Plaintiff refused to spy on the US Army for them while she was in Iraq.  *Id.* at ¶ 62(d).  Plaintiff also referenced her other lawsuit in the Southern District of New York, 18-cv-5245, in which she made similar allegations against the FBI related to implanting cameras in her body.  *Id.* at ¶ 63.

---

[2]     Plaintiff filed a renewed application to proceed *in forma pauperis* on June 18, 2018, correcting the amount of her monthly retirement income and the Court thereafter granted her application to proceed *in forma pauperis*.

4

III.   <u>Second Amended Complaint</u>

On August 16, 2018, Plaintiff amended her complaint a second time ("Second Amended Complaint" or "SAC").  *See* ECF No. 15, attached hereto as Exhibit A.  In this most recent amendment, Plaintiff removed all of the factual allegations that the FBI tampered with her court file.  Instead, Plaintiff's claim against the FBI is now based only on the fact that she "strongly believes that the FBI encouraged Park Apartment Management to illegally install the camera(s) in Plaintiff's apartment by telling them that Plaintiff is a "sex-offender".[3]  *See* SAC, at ¶ 56.  Plaintiff further repeats other contentions from her First Amended Complaint – the FBI installed tracking devices in her body in February 2009 and January 2014,[4] that the FBI moved into a neighboring apartment to monitor her, and that the FBI retaliated against her both for refusing to assist them in spying on the US Army and because she filed a civil rights complaint with the US House of Representatives.  *Id.* at ¶ 57 and p. 10, ¶ c, d, f, g.  Plaintiff further alleges that the FBI is trying to discredit her by telling "everyone that she is a child molester, prostitute, and liar" and is trying to "frame" her as a sex offender by "consistently sending children to follow her everywhere she goes."  *Id.* at p. 10, ¶ b & e.

To date, Plaintiff has not filed any administrative tort claim regarding this claim.  *See* Declaration of William Harris, filed herewith.

---

[3]     Plaintiff alleges that the "FBI had done this before with landlords here in the United States and abroad."  For this contention Plaintiff alleges that she "will provide evidence at trial."  *See* SAC, ¶56.
[4]     These contentions are also the subject of the now-dismissed Southern District action, which is discussed further, *infra.*

<u>ARGUMENT</u>

POINT I

THE CONSTITUTIONAL CLAIMS AGAINST THE ATTORNEY GENERAL AND
FBI DIRECTOR MUST BE DISMISSED

In the SAC, Plaintiff alleges two counts that could arguably be construed as constitutional claims against the Government Defendants: (1) "Violation of Plaintiff's First Amendment Rights by trying to stop her from expressing her rights to free speech when she filed her lawsuit against the Bozzuto Group and other Defendants" (Count VIII) and (2) "Abuse of Power and Intimidation against Plaintiff, a Violation of her Civil Rights." (Count IX).  As noted, *supra* at 1, the Government Defendants do not construe Plaintiff as raising individual-capacity *Bivens* claims but rather constitutional claims against AG Sessions and Director Wray in their official capacities.  For the reasons that follow, Plaintiff's constitutional claims against the Government Defendants must be dismissed.

A. Official-Capacity *Bivens* Claims Must Be Dismissed for Lack of Jurisdiction

It is axiomatic that "[t]he United States, as sovereign, is immune from suit save as it consents to be sued . . . , and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit."  *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941)).  In other words, the Government cannot be sued without its consent, and "the existence of consent is a prerequisite for jurisdiction."  *United States v. Mitchell*, 463 U.S. 206, 212 (1983).  Although Congress can waive the Government's sovereign

immunity, it can do so only through clear and unequivocal statutory language. *See Lane v. Pena*, 518 U.S. 187, 192 (1996); *Beneficial Consumer Discount Co. v. Poltonowicz*, 47 F.3d 91, 93-94 (3d Cir. 1995) (waivers of sovereign immunity "must be unequivocally expressed in the statutory text and any such waiver must be strictly construed in favor of the United States") (internal citation and quotation marks omitted). Accordingly, if the United States has not waived its sovereign immunity, or if the conditions under which the United States has agreed to waive that immunity have not been met, federal subject matter jurisdiction does not exist over a party's claims against the United States, a federal agency, or a federal official sued in his or her official capacity. *See Treasurer of New Jersey v. United States Dep't of Treasury*, 684 F.3d 382, 395-96 (3d Cir. 2012). The burden of establishing that the United States has waived sovereign immunity rests squarely on the party asserting claims against the United States. *See In re Orthopedic Bone Screw Prod. Liab. Litig.*, 264 F.3d 344, 361 (3d Cir. 2001).

Here, to the extent Plaintiff attempts to assert constitutional claims under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), against the Government Defendants in their official capacities, these claims must be dismissed. While actions against a federal employee in his or her individual capacity can be premised upon constitutional violations pursuant to *Bivens*, Congress has not waived the federal government's sovereign immunity from lawsuits seeking damages based on constitutional claims. *See Mierzwa v. United States*, 282 F. App'x 973, 976-77 (3d Cir. 2008) (citing *United States v. Testan*, 424 U.S. 392, 400-02

(1976)).  Because an action against a federal employee in her official capacity is considered a suit against the United States, a "*Bivens*-type" claim against an employee in her official capacity is barred by the doctrine of sovereign immunity.  *See Tucker v. Sec'y of Health and Human Servs.*, 588 Fed. Appx.110, 115 (3d Cir. 2014); *Perez-Barron v. United States*, 480 F. App'x 688, 691 (3d Cir. 2012); *Brazelton v. Holt*, 462 F. App'x 143, 145-46 (3d Cir. 2012).  Accordingly, any constitutional claims asserted against the Federal Defendants in their official capacities must be dismissed for lack of jurisdiction.  *See Tucker*, 588 Fed. App'x at 115; *Perez-Barron*, 480 F. App'x at 691; *Brazelton*, 462 F. App'x at 145-46.

### B. Any Constitutional Claims Must be Dismissed for Lack of Personal Involvement

To the extent Plaintiff purports to assert constitutional tort claims against AG Sessions and Director Wray – the only named Government defendants – these claims should be dismissed for lack of personal involvement by either of those defendants in the alleged incidents described in the complaint.  "It is uncontested that a government official is liable only for his or her own conduct and accordingly must have had some sort of personal involvement in the alleged unconstitutional conduct." *Argueta v. U.S. Immigration & Customs Enforcement*, 643 F.3d 60, 71 (3d Cir. 2011).  To state a constitutional tort claim, a "[p]laintiff must assert facts personally implicating <u>each</u> named Defendant in the events that amount to plausible constitutional wrongs." *Velazquez v. Zickefoose*, No. 11-2459, 2014 WL 6611058, at *5 (D.N.J. Nov. 21, 2014) (emphasis in original).

A Plaintiff suing a supervisory official for constitutional violations may not rely on the doctrine of *respondeat superior* to establish liability. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *see also Bistrian v. Levi*, 696 F.3d 352, 366 (3d Cir. 2012); *Velazquez*, 2014 WL 6611058, at \*5 ("It has been long established that claims based solely on the theory of *respondeat superior* are facially deficient."). In other words, a subordinate's wrongful conduct is not sufficient to hold a supervisor liable for constitutional claims. *See Iqbal*, 556 U.S. at 676; *Bistrian*, 696 F.3d at 366. To the contrary, a plaintiff must show that the supervisor (1) "directly participated in, personally directed, or had actual knowledge and acquiescence in" the actions of subordinates; or (2) "demonstrated deliberate indifference to known deficiencies in a government policy or procedure that created an environment in which there is an unreasonable risk that a constitutional injury will occur." *Livingston v. Appel*, No. 11-2764, 2014 WL 6860539, at \*2 (E.D. Pa. Dec. 5, 2014) (quoting *Barkes v. First Correctional Medical, Inc.*, 766 F.3d 307, 316 (3d Cir. 2014)) (internal quotation marks omitted). Plaintiff's allegations concerning Director Wray and AG Sessions fall short of this standard.

The SAC is devoid of any allegation of personal involvement against either AG Sessions or Director Wray. Plaintiff never explains or alleges what each of these individual Defendants knew, did, or refused to do. *See* SAC ¶¶ 56-57, 102-106. Instead, Plaintiff's allegations against the Government consist only of references to the "FBI" generally. *See Id.* Plaintiff alleges the "FBI" encouraged her landlord to install cameras in her apartment by telling her landlord that Plaintiff is a sex

9

offender.  She also believes that the "FBI" has moved into a neighboring apartment in order to monitor and intimidate her.   She alleges that the "FBI" has also engaged in these actions in the past as well.  *See* SAC ¶ ¶ 56-57.

None of these allegations say anything specific about Director Wray's, AG Sessions' or any other specific individual's conduct or role in any of these alleged actions.  As such, Plaintiff has not stated, "with appropriate particularity," the alleged wrongdoing of each individual Defendant. *Rode*, 845 F.2d at 1207. This merits dismissal. *Id.* at 1207-08 (affirming dismissal for failure to plead personal involvement); *Duran v. Merline*, 923 F. Supp. 2d 702, 727 (D.N.J. 2013) (dismissing constitutional claims against certain county prison officials, where plaintiff failed to allege that they "were personally involved in" the alleged constitutional violation); *Eickleberry v. Lappin*, No. 09-1556, 2009 U.S. Dist. LEXIS 119040, at *17-18 (D.N.J. Dec. 21, 2009) ("It is not sufficient . . . to list the defendants at the beginning of the complaint, then proceed to a separate discussion of allegedly unconstitutional" conduct "without tying each of those allegedly unconstitutional conditions to a specific alleged wrongdoer."); *Velazquez v. Zickefoose*, No. 11-2459, 2014 U.S. Dist. LEXIS 163737, at *18-21 (D.N.J. Nov. 21, 2014) (dismissing constitutional claims against various FCI Ft. Dix officials because "there are no facts alleged to personally implicate" them in the alleged constitutional violations).   To the extent Plaintiff is alleging that Director Wray and AG Sessions are liable for the actions of their subordinates, such claims should be dismissed because there is no *respondeat* liability for constitutional claims.  *Iqbal*, 556 U.S. at 676; *see also Bistrian*, 696 F.3d at 366.

10

Given the absence of any specific allegations against Director Wray or AG Sessions, Plaintiff has failed to adequately plead their personal involvement in any constitutional violation, and, therefore, those claims must accordingly be dismissed for failure to state a claim.

### POINT II

### THIS COURT SHOULD DISMISS PLAINTIFF'S NON-CONSTITUTUONAL TORT CLAIMS AGAINST THE GOVERNMENT DEFENDANTS FOR LACK OF SUBJECT MATTER JURISDICTION

In addition to the constitutional claims, Plaintiff also asserts non-constitutional tort claims. These claims should also be dismissed for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). Specifically, Plaintiff has asserted tort claims for "invasion of privacy" and "defamation of reputation". *See* SAC, Count VI & Count VII, ¶¶ 102-104).[5] The Federal Torts Claims Act ("FTCA"), which provides the exclusive remedy for tort claims against the United States, is a limited waiver of sovereign immunity. *See Santos v. United States*, 559 F.3d 189, 193 (3d Cir. 2009*)*. Pursuant to that statute, the United States shall be liable, to the same extent as a private party, "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. §§

---

[5]      In Count VI (invasion of privacy), Plaintiff also cites to 28 USC § 2511, which deals with notice of certain suits and records of judgment from the United States Court of Claims, which does not appear related to this matter. *See* SAC, Count VI. Further, on page 2 of the Second Amended Complaint, Plaintiff lists the specific claims against the FBI. There, she omits any claim for "invasion of privacy", but does include his other claims for defamation, violation of first amendment rights and abuse of power.

1346(b), 2679(b)(1).  The only proper defendant in an FTCA action is the United States.  *See* 28 U.S.C. § 2679(a), d(1); *Priovolos v. F.B.I.*, 632 F. App'x 58, 60 (3d Cir. 2015) (citing *CNA v. United States*, 535 F.3d 132, 138 n.2 (3d Cir. 2008)).

Under the FTCA, a plaintiff must exhaust administrative remedies prior to filing suit.  Here, Plaintiff's claims against the Federal Defendants are subject to dismissal because Plaintiff did not exhaust administrative remedies, as required by the FTCA.  Any action under the FTCA requires scrupulous adherence to all of the FTCA's terms and procedural requirements. Because the FTCA represents a conditional, limited waiver of sovereign immunity, these statutory requirements are jurisdictional and cannot be waived. *See, e.g., Roma v. United States*, 344 F.3d 352, 362 (3d Cir. 2003); *Livera v. First Nat'l State Bank*, 879 F.2d 1186, 1194-95 (3d Cir. 1989); *Bradley v. United States*, 856 F.2d 575, 577-79 (3d Cir. 1988), *vacated on other grounds*, 490 U.S. 1002 (1989); *Bialowas*, 443 F.2d at 1049 (citations omitted).

In 28 U.S.C. § 2401(b), Congress has specifically provided that:

(b) A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues . . .

The requirement that an administrative claim first be submitted to the federal agency in question, as a precondition to a tort suit against the United States, is reiterated at 28 U.S.C. §2675(a):

An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting with the scope of his office or employment unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally

denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make a final disposition of a claim within six months after it is filed, shall at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

By requiring a plaintiff to file an administrative tort claim prior to suit, Congress intended to "'ease court congestion and avoid unnecessary litigation, while making it possible for the Government to expedite the fair settlement of tort claims asserted against the United States.'" *Tucker v. United States*, 676 F.2d 954, 958 (3d Cir. 1982) (*quoting* S. Rep. No. 1327, 89th Cong., 2d Sess. 6, *reprinted in* 1966 U.S.S.C.A.N. 2515, 2516); *see also McNeil v. United States*, 508 U.S. 106, 112 n.8 (1993).

These provisions are clear and mandatory. *McNeil*, 508 U.S. at 111-13; *Santos*, 559 F.3d at 193. Every tort claim against the United States first must be presented to the federal agency concerned, within two years after the claim accrues, as a condition precedent to suit. *Santos*, 559 F. 3d at 193; *Miller v. Phila. Geriatric Ctr.*, 463 F.3d 266, 270 (3d Cir. 2006). If a plaintiff files suit without first submitting a timely claim for administrative adjustment, the court must dismiss the suit for lack of jurisdiction. *McNeil*, 508 U.S. at 112-13; *Wilder v. Luzinski*, 123 F. Supp. 2d 312, 313-14 (E.D. Pa. 2000), *Shelton v. Bledsoe*, 775 F.3d 554, 569 (3d Cir. 2015); *Livera v. First Nat'l State Bank of New Jersey*, 879 F.2d 1186, 1194 (3d Cir. 1989).

Here, Plaintiff does not allege in the complaint that she exhausted administrative remedies in compliance with the straightforward statutory requirement of § 2675(a). Nor could she, for she has not filed any administrative tort

13

claims with the Federal Bureau of Investigation in connection with this case.  *See* Harris Decl. ¶¶ 2-5.  Because Plaintiff has failed to exhaust administrative remedies under the FTCA, the FTCA claims against the Federal Defendants should be dismissed for lack of subject matter jurisdiction.  *See Shelton*, 775 F.3d at 569 (affirming dismissal of FTCA claims for failure to exhaust); *Gary v. F.T.C.*, 526 F. App'x 146, 149 (3d Cir. 2013) (same); *Adegbuji v. United States*, 223 F. App'x 194, 195 (3d Cir. 2007) (same).

## POINT III

### PLAINTIFF'S DEFAMATION AND INVASION OF PRIVACY CLAIMS ALSO FAIL BECAUSE THEY FALL WITHIN THE INTENTIONAL TORTS EXCEPTION TO THE FTCA

Plaintiff's invasion of privacy (Count VI) and defamation claims (Count VII) against the FBI also fail for a separate reason.  The FTCA contains various exceptions to its limited waiver of sovereign immunity which are set forth in 28 U.S.C. §§ 2680(a)-(n).  Relevant here is a provision of the FTCA commonly referred to as the "intentional torts" exception, which is found in 28 U.S.C. § 2680(h).  Pursuant to that provision, the FTCA does not waive sovereign immunity for certain enumerated intentional torts, including "[a]ny claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights."  Thus, the intentional torts exception retains the United States' sovereign immunity for "[a]ny claim arising out of . . . *inter alia*, libel and slander." 28 U.S.C. § 2680(h).

The Third Circuit has held that "defamation suits against the United States are prohibited." *Brumfield v. Sanders*, 232 F.3d 376, 382 (3d Cir. 2000) (equating defamation with libel and slander).   Accordingly, courts in this District routinely dismiss defamation claims against the United States under Rule 12(b)(1).  *See, e.g., Dileo v. Mabus*, No. 14-4246, 2015 U.S. Dist. LEXIS 100482, at *4 (D.N.J. July 31, 2015) (dismissing with prejudice defamation claim against the United States); *Sash v. United States*, No. 09-2074, 2010 U.S. Dist. LEXIS 37383 (D.N.J. Apr. 14, 2010) (same); *Borawski v. Henderson*, 265 F. Supp. 2d 475, 483-84 (D.N.J. 2003) (same). Based on this well-settled precedent, the Court lacks subject-matter jurisdiction over Plaintiff's defamation claim and must dismiss it for this additional reason.

Further, Plaintiff's invasion of privacy claim against the FBI fails for this same reason.  Specifically, in asserting that count, she indicates that the "FBI had violated Plaintiff's Privacy when they decided to invade her file while in the custody of the Court."  *See* SAC, ¶ 103.  However, in her factual recitation regarding the FBI, she makes no allegations whatsoever regarding her "court file."[6]  Instead, all of Plaintiff's allegations regarding the FBI relate to the fact that the FBI allegedly falsely informed her landlord that she was a "sex offender", "prostitute" and "liar", which, she argues, resulted in her landlord placing cameras in her air conditioning vent to monitor her. *See* SAC, ¶ ¶ 56-57 and p. 10, ¶ (b)-(g).  Accordingly, aside from the one isolated

---

[6]    As noted above in the Procedural History and Statement of Facts, Plaintiff did make allegations regarding the FBI's alleged conduct relating to his "court file" in the First Amended Complaint, but all such allegations were removed from the Second Amended Complaint, which is now the operative complaint.

15

reference to his "court file", all of the facts in the complaint regarding the FBI relate to the FBI's alleged defamation of Plaintiff when it allegedly provided false information to her landlord.  Accordingly, Plaintiff's invasion of privacy claim also "arises from" her defamation claim.  *See* 28 U.S.C. § 2680(h).  Because Plaintiff's defamation claim is barred by the intentional torts exception to the FTCA, the invasion of privacy claim that arises from that defamation claim is similarly barred as well.  *See Borawski,* 265 F. Supp. 2d at 483-84 (holding that plaintiff's invasion of privacy claim "arises from" the defamation and slander claim because all the allegations in the complaint related to the defamation/slander, so the invasion of privacy claim also falls under the intentional torts exception and is barred).

POINT IV

THIS COURT SHOULD DISMISS PLAINTIFF'S
CLAIMS FOR FAILURE TO STATE A CLAIM FOR RELIEF

Finally, the Court should dismiss Plaintiff's claims against the Federal Defendants because her allegations against former AG Sessions, Director Wray and the FBI in this case are far-fetched, irrational, and implausible.  In short, Plaintiff's complaint runs completely afoul of Federal Rule of Civil Procedure 8 and the pleading standards set forth in the cases of *Iqbal* and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007).

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint.  *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir.1993).  In deciding a Rule 12(b)(6) motion to dismiss, a court must accept as true all well-pleaded factual allegations in the complaint.  *Fowler v. UPMC Shadyside*,

578 F.3d 203, 210-211 (3d Cir. 2009).  While *pro se* complaints "must be held to less stringent standards than formal pleadings drafted by lawyers," *Estelle v. Gamble*, 429 U.S. 97, 107 (1976) (internal quotation omitted), *pro se* litigants "must still plead the essential elements of [their] claim and [are] not excused from conforming to the standard rules of civil procedure," *Peterson v. Weiss*, No. 12-5431, 2012 WL 6042795, at * 1 (D.N.J. 2012) (*citing McNeil v. United States*, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.")); *Sykes v. Blockbuster Video*, No. 06–1745, 2006 WL 3314518, at *2 (3d Cir. 2006) (finding that *pro se* plaintiffs are expected to comply with the Federal Rules of Civil Procedure).

Fed. R. Civ. P. 8 requires that a pleading "contain a short and plain statement of the claim showing that the pleader is entitled to relief."  In order to meet this standard, a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Iqbal*, 556 U.S. at 678.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663 (*citing  Twombly*, 550 U.S. at 556).  While a complaint does not need detailed factual allegations to survive a Rule 12(b)(6) motion to dismiss, as set forth in *Twombly*, 550 U.S. at 555, it must state more than labels and conclusions  (A "formulaic recitation of the elements of a cause of action will not do.") *Id.* (*citing Papasan v. Allain*, 478 U.S. 265 (1986)).

17

The Court need not consider "legal conclusions" contained within a complaint, and "a pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 556 U.S. at 678; *Fowler*, 578 F.3d at 211 (court must "determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a plausible claim for relief. In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to show such an entitlement with its facts") (citations and quotations omitted). As the Supreme Court instructed in *Iqbal*, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.' " *Iqbal*, 556 U.S. at 678. The "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at *679*.

Here, Plaintiff's allegation that she "strongly believes" that the FBI "encouraged" her landlord to install cameras in her apartment by "telling them that plaintiff is a sex-offender" is implausible on its face and asserts nothing more than rank speculation untethered to any facts. The allegations here are similar to ones Plaintiff raised in another recently-dismissed action in the Southern District of New York, *Harris v. Sessions*, Docket No. 18-cv-5245 (CM) (S.D.N.Y). In that action, this Plaintiff alleged, *inter alia*, that the FBI and certain doctors conspired to implant

18

tracking devices in her body.[7]  The Court *sua sponte* dismissed that case as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).  In its opinion, the Court noted that, even considering the "special solicitude" due *pro se* pleadings, "plaintiff's Complaint must be dismissed as frivolous," rising to the level of the "irrational", with "no legal theory on which she can rely." *See* Court's Opinion, dated August 3, 2018, attached hereto as Exhibit B, at p. 4.  The Court indicated that no amendment could cure the defects in the complaint.  *Id.*  Plaintiff filed this current action shortly before the action in the Southern District of New York was dismissed.

In this action, Plaintiff continues to similarly allege that the FBI has a history of implanting devices into her body.  She now also alleges that she "strongly believes" that the FBI encouraged her landlord to install cameras in her apartment.  She further states that the FBI is (1) "trying to discredit Plaintiff by tell[ing] everyone that she is a child molester, prostitute, and liar," (2) has moved into the apartment next to Plaintiff to "monitor and intimidate" her, (3) is trying to frame Plaintiff as a "sex-offender" by consistently sending children to follow her everywhere she goes and (4) had retaliated against Plaintiff for refusing to assist them in "spying on the US Army" and because she "recently filed a Civil Rights complaint with the US House of Representatives."  *See* SAC, ¶ 56-57 and p. 10.

Plaintiff pleads no specific factual detail for these grandiose and highly speculative allegations.  For example, Plaintiff does not provide the names of any

---

[7]     Plaintiff references these allegations and specifically references the SDNY action in the Second Amended Complaint in this case.  *See* SAC, ¶ 57.

specific FBI personnel who are allegedly involved in these acts or the names of any specific people who the FBI relayed these allegedly false allegations to, nor does she provide any detail on the alleged civil rights complaint she filed or any further factual detail regarding her alleged refusal to "spy on the Army."   The highly speculative nature of these allegations clearly requires greater factual and specific detail in order to comply with Rule 8's pleading standard – particularly given the fact that the only defendants Plaintiff actually names are high-ranking government officials, the Attorney General of the United States and the Director of the FBI.  Plaintiff has pled no facts to make out a plausible claim that the FBI Director or Attorney General participated in or approved of a scheme to discredit her by calling her a sex offender, prostitute or criminal and or to install cameras in Plaintiff's apartment.  Simply put, Plaintiff's allegations are irrational.  She offers nothing in the complaint to raise these allegations above the most extreme speculative level and so any claims asserted against the Government must be dismissed for failure to adequately plead a claim.

<u>CONCLUSION</u>

For the foregoing reasons, the Court should grant this motion and dismiss the claims against the Federal Defendants in their entirety.

Dated:   Newark, New Jersey
March 5, 2019

Respectfully submitted,

CRAIG CARPENITO
United States Attorney

By:   <u>s/ Ben Kuruvilla</u>
BEN KURUVILLA
Assistant United States Attorney
*Attorneys for Defendants*

20