UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DR. BEVERLEY M. HARRIS,

                Plaintiff,

-against-

U.S. ATTORNEY GENERAL JEFFERY SESSIONS, IN HIS INDIVIDUAL AND OFFICIAL CAPACITIES; DIRECTOR CHRISTOPHER A. WRAY, FEDERAL BUREAU OF INVESTIGATION; ATTORNEY MARK NEBEKA, US DEPARTMENT OF JUSTICE; SPECIAL AGENT DREW CHRISPIL, FEDERAL BUREAU OF INVESTIGATION; AN UNKNOWN NUMBER OF UNKNOWN AGENTS OF FEDERAL BUREAU OF INVESTIGATION; AN UNKNOWN NUMBER OF UNKNOWN AGENTS OF FEDERAL BUREAU OF INVESTIGATION; AN UNKNOWN NUMBER OF UNKNOWN AGENTS OF FEDERAL BUREAU OF INVESTIGATION; DR. GARLAND GOSSETT, SURGEON, ST. JOSEPH HOSPITAL; DR. STEFAN GRESS, DERMATOLOGIST; KBR, INC.,

                Defendants.

18-CV-5245 (CM)

ORDER OF DISMISSAL

COLLEEN McMAHON, Chief United States District Judge:

    Plaintiff Dr. Beverley M. Harris, appearing *pro se*, brings this action alleging that Defendants have violated her rights. By order dated July 24, 2018, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP). For the reasons set forth below, the Court dismisses the complaint.

**STANDARD OF REVIEW**

    The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*,

480 F.3d 636, 639 (2d Cir. 2007). While the law mandates dismissal on any of these grounds, the Court is obliged to construe pro se pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *see also Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (holding that "finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory.") (internal quotation marks and citation omitted).

## BACKGROUND

Plaintiff, who identifies herself as a "Retired US Air Force Disabled Veteran and a Retired US Government (US Army) Civil Services Employee," brings this complaint alleging that Defendants have violated her "Human Rights, First and Fourth Amendments [sic] Rights, for 14 years." (Compl. at 2.)

Plaintiff alleges that Defendants violated her rights by:

Dr. Gossett illegally implanting a [sic] "FBI tracking device" in Plaintiff's right leg, approximately 8 inched [sic] above her knee, on 17 February 2005 without her knowledge and permission, with the help of Dr. Garland Gossett, St. Joseph Hospital, Houston Texas, under the false pretense of performing a colonoscopy,

Dr. Gress illegal implanting a "FBI Listening device" in Plaintiff's right ear, at the base of the opening of the ear, on 24 June 2014 during a facial procedure, without her knowledge and permission.

2

> FBI, DOJ, and Drs. Gossett & Gress took it upon themselves to be Plaintiff's "judge, jury, and executioner" in violation of "The Rule of Law", [sic] Federal Laws, State Laws, International laws, and other laws that clearly state that only a Court of Law can grant an order to have "devices" implanted in humans and that person who know about such implant procedure.

(*Id.*)

Plaintiff asks the Court "to demand that these Defendants be held responsible for these violations and compensate Plaintiff for the many damages inflicted against Plaintiff and order that they cease and desist these illegal acts." (*Id*. at 50.)

On June 22, 2018, Plaintiff filed a "Motion to Cease and Desist," seeking an order to have Defendants cease from interfering with Plaintiff's communication system. (ECF No. 4.) On July 5, 2018, Plaintiff filed a "Second and Urgent Motion for Medical Evidence," seeking an order to have procedures performed to show the illegally implanted devices in her body. (ECF No. 5.) Plaintiff filed a "Motion for Emergency Medical Evidence" on July 9, 2018, seeking to have the devices removed from her body, "preventing the FBI from the continuous humane tracking and listening to Plaintiff every communication." (ECF No. 6.) Plaintiff filed an "Amendment to Motion for Emergency Medical Evidence (ECF No. 9) on July 16, 2018, indicating that she is "in fear of her life as she strongly believe that whatever device etc. is illegally planted on her skull under the skin, in this area of her head, threatens her life." On July 16, 2018, Plaintiff filed a "Motion for an Order to Help to Save Plaintiff's Life," requesting "a chance to live, not to be killed by the FBI." (ECF No. 10.) Plaintiff filed a second "Motion to Cease and Desist" on July 23, 2018, asking to have Defendants "stop these illegal action [sic] against her immediately," and an "Order to have the CT Scans perform [sic] so that the devices can be removed and not cause her death." (ECF No. 11.)

## DISCUSSION

Even when read with the "special solicitude" due pro se pleadings, *Triestman*, 470 F.3d at 474-75, Plaintiff's complaint must be dismissed as frivolous. Plaintiff's allegations rise to the level of the irrational, and there is no legal theory on which he can rely. *See Denton*, 504 U.S. at 33; *Livingston*, 141 F.3d at 437.

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend.

## CONCLUSION

The Clerk of Court is directed to assign this matter to my docket, mail a copy of this order to Plaintiff, and note service on the docket.

Plaintiff's complaint is dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). The Court also denies all of Plaintiff's motions (ECF Nos. 4-6, 9-11) as moot, and directs the Clerk of Court to terminate any other pending matters.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: August 3, 2018
New York, New York

COLLEEN McMAHON
Chief United States District Judge

4