Philip S. May
Raymond B. Biagini*
Daniel L. Russell Jr.*
**COVINGTON & BURLING LLP**
850 Tenth Street, NW
Washington, DC 20001-4956
Tel.: (202) 662-6000
pmay@cov.com
rbiagini@cov.com
drussell@cov.com

*Attorneys for Defendants
Stuart Bradie and KBR, Inc.*

*Pro hac vice applications to be filed

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| DR. BEVERLY M. HARRIS<br><br>*Plaintiff*,<br><br>v.<br><br>THOMAS S. BOZZUTO, *et al.*,<br><br>*Defendants*. | Hon. Madeline Cox Arleo<br><br>Civil Action No. 18-10277-MCA-SCM<br><br>(Filed Electronically)<br><br>Motion Day: August 19, 2019 |

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT KBR'S MOTION TO DISMISS**

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................ ii

BACKGROUND ................................................................................................................. 1

ARGUMENT ....................................................................................................................... 3

    I.     Plaintiff's Claims Are Frivolous. ........................................................................... 3

    II.    Plaintiff Failed to Comply with the Court's Dismissal Order and the Applicable Procedural Rules, and Failed to Cure the Lack of Diversity Jurisdiction. .......................... 4

    III.   Plaintiff's Complaint Should Be Dismissed for Failure to State a Claim. ........................ 5

    IV.   Plaintiff's Claims Against KBR Are Barred by the Statute of Limitations ....................... 7

    V.    Plaintiff's Claims Against KBR Should Be Dismissed Because Plaintiffs Failed to Properly Serve KBR. ................................................................................................ 8

CONCLUSION ................................................................................................................... 8

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Ackerman v. Mercy Behavior Health*,
    617 F. App'x 114 (3d Cir. 2015) ....................................................................................3, 4

*Ayres v. Jacobs & Crumplar, P.A.*,
    99 F.3d 565 (3d Cir. 1996)..................................................................................................8

*Brentwood Acad. v. Tennessee Secondary Sch. Athletic Ass'n*,
    531 U.S. 288 (2001)............................................................................................................6

*In re City of Philadelphia Litig.*,
    123 F.R.D. 515 (E.D. Pa. 1988)..........................................................................................8

*Denton v. Hernandez*,
    504 U.S. 25 (1992)..............................................................................................................3

*El-Bey v. United States*,
    619 F. App'x 53 (3d Cir. 2015) ..........................................................................................3

*Evans v. Gloucester Twp.*,
    Civ. No. 14-7160 (JBS/JS) 2016 U.S. Dist. LEXIS 84952,
    2016 WL 3556604 (D.N.J. June 29, 2016).........................................................................6

*Gage v. Twp. of Warren*,
    No. 3:09-cv-519 (FLW), 2009 WL 1635602 (D.N.J. June 10, 2009) .................................6

*Harris v. Holder*,
    No. 11-1902 (CKK), ECF 37 (D.D.C. Aug. 17, 2012) (Ex. B) ..........................................2

*Harris v. Sessions*,
    No. 1:18-cv-05245-CM, ECF 14 (S.D.N.Y. Aug. 3, 2018) (Ex. A)............................2, 3, 4

*Love v. N.J. State Police*,
    Civ. No. 14-1313 (FLW)(TJB), 2016 U.S. Dist. LEXIS 69562,
    2016 WL 3046257 (D.N.J. May 26, 2016).....................................................................5, 6

*Manhattan Cmty. Access Corp. v. Halleck*,
    139 S. Ct. 1921 (2019)...................................................................................................5, 6

*Mikhaeil v. Santos*,
    646 F. App'x 158 (3d Cir. 2016) ........................................................................................6

*Neitzke v. Williams*,
 490 U.S. 319 (1989), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ...............................................................................3

*Voth v. Hoffman*,
 Civ. No. 14-7582 (FLW), 2016 U.S. Dist. LEXIS 57289,
 2016 WL 7535374 (D.N.J. Apr. 28, 2016) .................................................................7

**Statutes**

28 U.S.C § 1915(e)(2)(B)(i)................................................................................................3, 9

28 U.S.C. § 4101................................................................................................................4, 7

28 U.S.C. § 4104...................................................................................................................7

42 U.S.C. § 1983...................................................................................................................6

N.J. Stat. § 2A:14-2(a)..........................................................................................................8

N.J. Stat. § 2A:14-3...............................................................................................................8

Tex. Civ. Prac. & Rem. §16.003(a) .....................................................................................7

Tex. Civ. Prac. & Rem. §16.002 ..........................................................................................7

**Other Authorities**

Fed. R. Civ. P. 4(j)................................................................................................................8

Fed. R. Civ. P. 15..................................................................................................................5

L.Civ.R. 15.1........................................................................................................................5

U.S. Constitution...............................................................................................................4, 5

U.S. Const., amend. I........................................................................................................3, 4

U.S. Const. amend. IV .........................................................................................................4

U.S. Const., amend. V..........................................................................................................4

U.S. Const., amend. VII .......................................................................................................4

U.S. Const., amend XIV ......................................................................................................4

**BACKGROUND**

Defendant KBR[1] moves to dismiss Plaintiff's Third Amended Complaint ("TAC", D.I. 107),[2] a frivolous complaint filed without leave of court and in disregard of this Court's previous order.

Plaintiff originally filed this action in June 2018 against various federal entities (the "Federal Defendants") and certain private entities related to The Bozzuto Group (the "Bozzuto Defendants"). Plaintiff did not name KBR as a defendant in her original Complaint, nor in her First Amended Complaint, nor in her Second Amended Complaint ("SAC").

In September 2018, the Bozzuto Defendants filed a motion to dismiss the SAC. *See* D.I. 26. On March 5, 2019, the Federal Defendants filed a motion to dismiss the SAC. *See* D.I. 92.

On April 24, 2019, the Court granted both motions to dismiss. *See* D.I. 103. In its dismissal order, the Court denied Plaintiff leave to amend as to many claims because any attempted amendment "would be futile." D.I. 103 at 5. The Court allowed Plaintiff to seek leave to amend to re-plead two counts as to the Federal Defendants. *Id.* The Court also permitted Plaintiff to seek leave to amend her claims against the Bozzuto Defendants, provided that, at a minimum, Plaintiff cured the facial lack of diversity jurisdiction evident in the SAC:

> As to the Bozzuto Defendants, the Court will not permit Plaintiff to amend her complaint without remedying the defects in subject matter jurisdiction…. Any amendment *must* properly allege that all parties to the suit are in fact diverse, that is, they are citizens of different states. *If Plaintiff's third amended complaint fails to properly allege diversity of citizenship, the Court may dismiss this action with prejudice….*

---

[1] Plaintiff's TAC purports to name as a defendant the CEO of KBR, Inc., Stuart Bradie, "in his official and Individual capacity." *See* TAC at Caption. We refer to Mr. Bradie and KBR, Inc. collectively as "KBR."

[2] The document, D.I. 107, is titled "Amended Complaint" but is in fact Plaintiff's Third Amended Complaint. *See* D.I. 1 (Complaint); D.I. 6 (granting application to file First Amended Complaint, which was not assigned a docket number); D.I. 15 (Second Amended Complaint).

1

> Based on the foregoing, Defendants' motions to dismiss are GRANTED. Because this is a first dismissal, it is without prejudice to the submission, within 60 days, of *a properly supported motion to amend the Complaint*.

*Id.* at 5 (emphases added).

In response to the Court's order, Plaintiff did not file "a properly supported motion to amend." *See id.* Rather, on June 17, 2019, Plaintiff filed the TAC. In the TAC, Plaintiff did not "allege that all parties to the suit are in fact diverse" as the Court instructed. *See id.* at 5. Rather, Plaintiff alleged that she is a resident of New Jersey, TAC ¶ 45, and named non-diverse defendants who are also residents of New Jersey, *see id.* ¶¶ 60, 61, 62, 63.

Plaintiff named multiple new defendants in the TAC, including KBR. Plaintiff did not seek issuance of a summons from the Court as to KBR (or any other newly-named defendant). Plaintiff mailed a copy of only the TAC to KBR's corporate headquarters in Houston, Texas. Plaintiff did not serve any summons on KBR.

Plaintiff's allegations in the TAC are identical to claims that, in 2018, the Southern District of New York held were "frivolous" and "rise to the level of the irrational." *Harris v. Sessions*, No. 1:18-cv-05245-CM, ECF 14 (S.D.N.Y. Aug. 3, 2018) (Ex. A).[3] In short, Plaintiff claims here that there was a "deliberate and overwhelming criminal conspiracy perpetrated by the Federal Bureau of Investigations (FBI) and other Defendants, which includes the Buzzoto Group, other government agenies [sic], clients, rogue members of the DoD, defense contractors, and subcontractors, doctors nationwide and internationally, attorneys, and even landlords." TAC ¶ 1.

---

[3] "Ex. __" refers to exhibits attached to the accompanying Declaration of Philip S. May.

In fact, Plaintiff has filed at least three suits alleging a conspiracy involving the FBI, recording devices, and alleged constitutional violations. In 2011, Plaintiff filed suit in the District of Columbia; that suit was dismissed for failure to state a claim. *See Harris v. Holder*, No. 11-1902 (CKK), ECF 37 (D.D.C. Aug. 17, 2012) (Ex. B). In 2018, Plaintiff filed suit in the Southern District of New York; that suit was dismissed as frivolous. *See* Ex. A. Plaintiff filed this suit in June 2018, shortly before the action in the Southern District of New York was dismissed.

Plaintiff alleges KBR "conspired with Defendant FBI and its components to submit to a colonoscopy test on 17 February 2009 in which Dr. Garland Gossett, physician illegally implanted a [sic] FBI tracking device in her right leg while she was sedated." *Id.* ¶ 58. In the action dismissed as frivolous last year, Plaintiff likewise alleged that "Dr. Gossett illegally implant[ed] a [sic] 'FBI tracking device' in Plaintiff's right leg." Ex. A (*Harris v. Sessions*) at 2 (quoting complaint).

## ARGUMENT

**I.    Plaintiff's Claims Are Frivolous.**

As one other federal court previously held, Plaintiff's allegations are frivolous, rise to the level of being irrational, and should be dismissed under 28 U.S.C § 1915(e)(2)(B)(i). Under that statute, in matters involving a plaintiff proceeding *in forma pauperis* a court "shall dismiss the case at any time if the court determines that . . . the action or appeal is frivolous."

A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *see also Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (holding that "finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *El-Bey v. United States*, 619 F. App'x 53, 54 (3d Cir. 2015) (affirming dismissal of complaint as frivolous because complaint was "confused, convoluted, and largely incomprehensible"); *Ackerman v. Mercy Behavior Health*, 617 F. App'x 114, 117 (3d Cir. 2015) (affirming dismissal of complaint as frivolous because "there is no logical construction of the complaint from which to derive a viable legal claim").

Here, Plaintiff's claims easily meet the standard of being frivolous. Although much of her complaint is convoluted and difficult to follow, Plaintiff ultimately asserts five counts against all Defendants, including KBR:

3

- In Count I, Plaintiff alleges that KBR and all other Defendants "conspired and by their many actions violated and continue to violate Plaintiff [sic] First Amendment Rights," because "[t]he devices in Plaintiff's body prevents at [sic] the enjoyment outlined in the First Amendment." TAC ¶¶143-147.

- In Count II, Plaintiff alleges that KBR and all other Defendants "by their acts and conspiracy violated the rights of Plaintiff to be free from unreasonable search and seizures under the Fourth Amendment," including because Defendants "illegally plac[ed] cameras in Plaintiff and later entered the [Plaintiff's] apartment." TAC ¶¶ 148-154.

- In Count III, Plaintiff alleges that KBR and all other Defendants violated the Fifth and Fourteenth Amendments because, *inter alia*, "[t]he devices in Plaintiff's body, without her knowledge and permission enables Defendant FBI and all other Defendants told [sic] Plaintiff as a 'detainee' with full 'control' leaving her periless [sic] to control her own life, a denial of Habeas Corpus as codified in U.S.C. 28, Part VI, Chapter 153, § 2241." TAC ¶¶ 155-165.

- In Count IV, Plaintiff alleges that KBR and all other Defendants violated the Eighth Amendment because, *inter alia*, "Defendants FBI's decision to illegally conspired [sic] with Dr. Gossett to implant a 'tracking' devise in Plaintiff's leg was where 'cruel and unusual punishment' commenced." TAC ¶¶ 166-172.

- In Count V, Plaintiff alleges that KBR and all other Defendants violated 28 U.S.C. § 4101 (the definitions section within a chapter of the U.S. Code related to foreign defamation judgments) because "[w]hen Plaintiff refused to give into [sic] the Defendant's/FBI demands to spy on the U.S. Army, while in the Iraqi Conflict in the Middle east in 2010 the Defendants/FBI retaliated by disseminating false information to the U.S. Army's Upper Commanders resulting in Plaintiff being forced to resign her government employment, and was never able obtain [sic] other federal and/or civilian employment." TAC ¶¶ 173-177.

These allegations are irrational and incoherent, and they lack any arguable basis in law or fact. There is "no logical construction of the complaint from which to derive a viable legal claim," because there is no plausible argument that the alleged implantation of a recording device in Plaintiff's leg gives rise to any claim against KBR for violations of the U.S. Constitution. *See Ackerman*, 617 F. App'x at 117. As the Southern District of New York held, when faced with identical allegations, Plaintiff's claims are frivolous. *See* Ex. A (*Harris v. Sessions*).

II.     **Plaintiff Failed to Comply with the Court's Dismissal Order and the Applicable Procedural Rules, and Failed to Cure the Lack of Diversity Jurisdiction.**

Plaintiff's TAC also fails because Plaintiff did not comply with the Court's dismissal order or the applicable rules for amending a complaint. The Court's order expressly advised Plaintiff

4

that she must file "a properly supported motion to amend" in which she "must properly allege that all parties to the suit are in fact diverse." D.I. 103 at 5. The Court warned: "If Plaintiff's third amended complaint fails to properly allege diversity of citizenship, the Court may dismiss this action with prejudice." *Id*.

Plaintiff did not seek leave to file an amended complaint, as required by the Order and by the local and federal rules. *See* L.Civ.R. 15.1; Fed. R. Civ. P. 15. In addition to this procedural defect, Plaintiff also failed to cure the facial lack of diversity in her complaint. The TAC alleges that Plaintiff is a resident of New Jersey, and it names as defendants multiple entities who allegedly reside in New Jersey. *See* TAC ¶ 45 (alleging Plaintiff resides in New Jersey); TAC ¶¶ 60, 61, 62, 63 (alleging named defendants reside in New Jersey).[4]

Plaintiff failed to comply with the procedural rules, and failed to heed the Court's express warning that she must "properly allege diversity of citizenship." These failures provide an independent basis for the Court to dismiss the TAC with prejudice.

### III.   Plaintiff's Complaint Should Be Dismissed for Failure to State a Claim.

Plaintiff's claims also fail because they do not state a claim upon which relief may be granted. Plaintiff alleges violations of the U.S. Constitution (Counts I-IV), and violations of a federal statute regarding recognition of foreign defamation judgments (Count V). Neither the constitutional claims nor the statutory claim are sufficiently pled as a matter of law.

---

[4] Although Plaintiff alleges that her residence is in New Jersey, TAC ¶ 45, her mailing address for service of papers in this litigation is in New York. *See*, *e.g.*, D.I. 106 (certified mail return receipt signed by Plaintiff, with address in New Rochelle, NY). For diversity purposes, it does not matter whether Plaintiff resides in New Jersey or New York, because multiple defendants are alleged to reside in both New Jersey (TAC ¶¶ 60, 61, 62, 63) and New York (TAC ¶¶ 52, 59).

It is axiomatic that the U.S. Constitution applies to governmental conduct and does not govern the actions of private citizens or organizations.[5] *See, e.g.*, *Manhattan Cmty. Access Corp. v. Halleck*, 139 S. Ct. 1921, 1928 (2019) ("The text and original meaning of [the First and Fourteenth] Amendments, as well as this Court's longstanding precedents, establish that the Free Speech Clause prohibits only *governmental* abridgment of speech. The Free Speech Clause does not prohibit *private* abridgment of speech."); *Gage v. Twp. of Warren*, No. 3:09-cv-519 (FLW), 2009 WL 1635602, at *3 (D.N.J. June 10, 2009) (dismissing constitutional claims against private entities and noting "[t]he Fourteenth Amendment governs only state action, not the actions of private citizens or organizations").

Although there are rare circumstances in which a claim under Section 1983 may lie against a non-governmental entity, here Plaintiff has not pled facts that would support any such theory. For example, Plaintiff has not pled that KBR participated in any conduct that could be labeled "state action" by virtue of it being "entwined with governmental policies." *See*, *e.g.*, *Brentwood Acad. v. Tennessee Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 296 (2001). Plaintiff's barebones allegation of a "conspiracy" does not suffice to establish the claims are based on state action. *See Mikhaeil v. Santos*, 646 F. App'x 158, 162 (3d Cir. 2016) (affirming dismissal of constitutional/Section 1983 claims where defendants were private actors and plaintiff failed to adequately allege conspiracy); *Evans v. Gloucester Twp.*, Civ. No. 14-7160 (JBS/JS), 2016 U.S. Dist. LEXIS 84952, at *34, 2016 WL 3556604 (D.N.J. June 29, 2016) (conclusory statement that defendants "acted in concert" insufficient to state a claim for conspiracy to deprive plaintiff of

---

[5] There is no direct cause of action under the U.S. Constitution. *See*, *e.g.*, *Love v. N.J. State Police*, Civ. No. 14-1313 (FLW)(TJB), 2016 U.S. Dist. LEXIS 69562, at *15 n.10, 2016 WL 3046257 (D.N.J. May 26, 2016). The proper vehicle for pursuing constitutional claims is 42 U.S.C. § 1983. Even construing Plaintiff's claims as under Section 1983, they still fail, for reasons stated herein.

constitutional rights); *Voth v. Hoffman*, Civ. No. 14-7582 (FLW), 2016 U.S. Dist. LEXIS 57289, at *31, 2016 WL 7535374 (D.N.J. Apr. 28, 2016) (dismissing claim of conspiracy to violate civil rights because plaintiff failed to plead facts supporting the claim). Thus, Plaintiff has not pled facts sufficient to support claims of constitutional violations by KBR, a private actor, and Counts I through IV must be dismissed for failure to state a claim.

Count V also fails as a matter of law because Plaintiff cannot assert any cause of action based on 28 U.S.C. § 4101. That provision contains definitions for a federal statute regarding foreign defamation judgments. Under the statute, a person may seek a declaration that a foreign judgment for defamation "is repugnant to the Constitution or laws of the United States" and therefore not enforceable. *See* 28 U.S.C. § 4104. The statute does not create any cause of action that could be asserted against a private defendant. Regardless, Plaintiff has not pled any facts that would remotely support a declaratory judgment action related to a foreign defamation judgment (*e.g.*, Plaintiff has not pled that any foreign judgment was entered against her). Thus, Count V must be dismissed.

## IV. Plaintiff's Claims Against KBR Are Barred by the Statute of Limitations

Even if Plaintiff's claims were non-frivolous; even if Plaintiff had complied with the Court's order and applicable rules; and even if Plaintiff had asserted viable legal claims, Plaintiff's claims against KBR would still be barred under any applicable statute of limitations. Plaintiff's sole discernible allegation involving KBR relates to an episode that allegedly took place more than a decade ago, in February 2009, in Houston, Texas. *See* TAC ¶¶ 7, 58, 72(a), 116(h)-(i), 123. Plaintiff alleges that KBR "conspired with Defendant FBI and its components to submit to a colonoscopy test on 17 February 2009 in which Dr. Garland Gossett, physician illegally implanted a [sic] FBI tracking device in her right leg while she was sedated, without her knowledge and/or permission." TAC ¶ 58. Plaintiff has not asserted any state-tort claims based on this alleged

7

conduct, but even if she had done so, all such claims would be barred as untimely under Texas law. *See* Tex. Civ. Prac. & Rem. §16.003(a) (two-year limitations period for personal injury claims); Tex. Civ. Prac. & Rem. §16.002 (one-year limitations period for libel or slander claims). Any state-tort claims asserted under New Jersey law would likewise be barred. *See* N.J. Stat. § 2A:14-2(a) (two-year limitations period for personal injury claims); N.J. Stat. § 2A:14-3 (one-year limitations period for libel or slander claims).

**V.      Plaintiff's Claims Against KBR Should Be Dismissed Because Plaintiffs Failed to Properly Serve KBR.**

Plaintiff's claims against KBR also must be dismissed because Plaintiff failed to properly serve KBR. Plaintiff did not seek issuance of any summons as to KBR, and Plaintiff did not serve any summons on KBR. As the Third Circuit and numerous courts have explained, "[t]he failure of a plaintiff to obtain valid process from the court to provide it with personal jurisdiction over the defendant in a civil case is fatal to the plaintiff's case." *Ayres v. Jacobs & Crumplar, P.A.*, 99 F.3d 565, 568-69 (3d Cir. 1996) ("The issuance of a summons signed by the Clerk, with the seal of the Court, and the time designated within which defendant is required to appear and attend, are essential elements of the court's personal jurisdiction over the defendant."). "Delivery of a copy of the complaint does not suffice to complete service. As the language of Rule 4(j) makes clear, the defendant must also be served with a summons." *In re City of Philadelphia Litig.*, 123 F.R.D. 515, 518 (E.D. Pa. 1988); *see also Ayres*, 99 F.3d at 568. Plaintiff's insufficient service of process provides another independent basis for dismissal.

## CONCLUSION

The Court should dismiss the Third Amended Complaint with prejudice, with a finding that Plaintiff's claims are frivolous under 28 U.S.C § 1915(e)(2)(B)(i).

|  |  |
|---|---|
| Dated: July 16, 2019 | Respectfully submitted,<br><br> *s/ Philip S. May* <br>Philip S. May<br>Raymond B. Biagini\*<br>Daniel L. Russell Jr.\*<br>**COVINGTON & BURLING LLP**<br>850 Tenth Street, NW<br>Washington, DC 20001-4956<br>Tel.: (202) 662-6000<br>pmay@cov.com<br>rbiagini@cov.com<br>drussell@cov.com<br><br>*Attorneys for Defendants*<br>*Stuart Bradie and KBR, Inc.*<br><br>*\*Pro hac vice applications to be filed* |